IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROMAN REYES,

      Plaintiff

vs.                                              No. CV 17-00815 MV/KK

CLAY CORN, DAVID GARCIA,
JESUS ESCOBEDO, CLINT MCCLAIN,
CHAVEZ COUNTY DETENTION CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915(e)(2)(B), and 28 U.S.C. § 1915A on the Complaint for Violation of Civil Rights filed by Plaintiff Roman Reyes. Doc. 1. The Court will dismiss the Complaint for failure to state a claim on which relief can be granted but will grant Plaintiff leave to file an amended complaint.

### I. Factual and Procedural Background

Plaintiff is a prisoner incarcerated at the Chaves County Detention Center ("CCDC"). Doc. 1 at 7. Plaintiff is proceeding pro se and *in forma pauperis.* Plaintiff brings civil rights claims under 42 U.S.C. § 1983 alleging violations of his "right to be safe and secure and free from attack." Doc. 1 at 4. Plaintiff names as Defendants Administrator Clay Corn, Major David Garcia, Sargent Jesus Escobedo, Lieutenant Clint McClain, and the CCDC. Doc. 1 at 3-4, 13. Plaintiff alleges the following facts underlying his claim:

> Officer Jesus Escobedo entered the shower with me when I was showering and threatened to pull me out of the shower and to put his hands on me if I didn't get out of the shower and when I asked for my cloth[e]s or towel which were next to

1

> him on shower door as he was blocking my way from getting to my cloth[e]s or from getting out of shower, he refused to give me my cloth[e]s or towel and instead started looking at me in a sexual man[ne]r, looking at my gen[i]tals and smiling and when I turned my body away he then started smiling and looking at my back side (butto[cks]). He kept doing this until Sargent Espinosa physically pulled him out of the shower and gave me towel and cloth[e]s. It was all captured on camera and when I told Lt. McClain, he did nothing about it! I even filed [a] grievance and nothing was done. Then Clay[,] Corn and Major Garcia told me that what Escobedo did, he is allowed to do! That it [i]s OK for me to be sexually assaulted by that officer.

Doc. 1 at 6. In his prayer for relief, Reyes requests:

> Clay Corn, David Garcia, Clint McClain, and Jesus Escobedo be fired from working at the Chavez County Detention Center . . . psychiatric help for life and $250,000.00 for the sexual assault, and $250,000.00 for neglecting to report it and $250,000.00 for attempting to cover it up by trying to convince me that its OK-I also want an additional $250,000.00 for each week that I remain in danger at this facility for they run this place and they will try to kill me! Or they will further sexually assault me.

*Id.*

## II. **Standard**

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## III. Discussion

Plaintiff's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff's claims arise out of alleged sexual harassment by Defendant Escobedo at the CCDC. (Doc. 1 at 6). Plaintiff's claims are "bounded by the Eighth Amendment, the explicit textual source of constitutional protection in the prison context." *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (citation omitted). Under the Eighth Amendment, prison officials must "provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to

guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)). To hold prison officials liable for violating a plaintiff's Eighth Amendment rights to humane conditions of confinement, "two requirements must be met. First, the deprivation alleged must be objectively sufficiently serious, depriving the inmate of the minimal civilized measure of life's necessities," and "[s]econd, the official must have a sufficiently culpable state of mind," which means that "the official must exhibit deliberate indifference to a substantial risk of serious harm to an inmate." *Barney*, 143 F.3d at 1310 (citations omitted). Under the deliberate indifference standard, "[a] prison official may be held liable under the Eighth Amendment only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Adkins*, 59 F.3d at 1037 (quoting *Farmer*, 511 U.S. at 837).

The Tenth Circuit has held that "because the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wanton infliction of pain that is forbidden by the Eighth Amendment." *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F.3d 901, 2000 WL 1532783, at *1 (10th Cir. Oct. 16, 2000) (citations omitted). A plaintiff asserting an Eighth Amendment violation arising from sexual harassment by a prison official must allege facts to establish the objective and subjective prongs of the applicable test described above. As to the objective prong, the plaintiff must allege facts that, if proven, would show, "as an objective matter, that the alleged abuse or harassment caused pain [and thus is "sufficiently serious"]. *Id.* As to the subjective prong, the plaintiff must allege facts that, if proven, would show that "the officer in question acted with a sufficiently culpable state of mind, [*i.e.*, with deliberate indifference to a substantial risk of serious harm]." *Id.*

4

Here, Plaintiff alleges one specific incident of sexual harassment during which, when Plaintiff was naked in the shower, Defendant Escobedo entered the shower, smiled at Plaintiff in a sexual manner while looking at his exposed genitals and buttocks, and refused to either give Plaintiff his clothes and his towel or move out of the way so that Plaintiff could exit the shower. Although Plaintiff's allegations are deeply concerning, controlling precedent makes clear that one instance of "limited, nonphysical conduct is not objectively, sufficiently serious to give rise to an Eighth Amendment violation." *Folsom v. Knotson*, No. 13-Civ-632, 2015 WL 13742442, at *7 (W.D. Okla. Sept. 4, 2015) (collecting cases); *see also Adkins*, 59 F.3d at 1036 (noting that, as the plaintiff conceded, there have been "no case[s] involving an Eighth Amendment violation absent prisoner contact or touching").

For example, in *Adkins*, a prison official made verbal comments to the plaintiff "about her body, his own sexual prowess, and his sexual conquests." 59 F.3d at 1035. Despite being admonished for his conduct, the official continued to make "sexually suggestive comments," and on one occasion, entered the plaintiff's cell while she was sleeping. *Id.* As he stood over her bed looking at her, the plaintiff opened her eyes and asked him what he was doing. *Id.* He answered that he was checking on her and as he left, he said, "By the way, you have nice breasts." *Id.*

While noting that the plaintiff had "described outrageous and unacceptable conduct by a jailer," the Tenth Circuit nonetheless rejected the plaintiff's argument that "the implicit threat within the alleged sexual harassment [was] force sufficient to amount to a type of physical assault" that would be proscribed by the Eighth Amendment. *Id.* at 1036. The Court held that, "in the context of Eighth Amendment precedent, under the facts alleged" before it, it could not "infuse defendant's words of sexual harassment with the sort of violence or threats of violence cognizable in the conditions of confinement cases the Court has addressed." *Id.* at 1037. The Court concluded

that the plaintiff's allegations were "flawed because she did not establish [that] the single invasion of her cell constituted the deliberate indifference required for a violation of her Eighth Amendment rights." *Id.* at 1038.

Similarly, in *Joseph*, the plaintiff alleged that a prison official "touched him several times in a suggestive manner and exposed her breasts to him." *Joseph*, 2000 WL 1532783, at *2. The Tenth Circuit agreed with the district court that these "alleged instances of sexual harassment were not objectively, sufficiently serious to demonstrate a use of force of a constitutional magnitude." *Id.* at *2. The Court also found "no evidence of deliberate indifference on the part of the Defendants." *Id.* Finally, the Court found that the plaintiff's "claim that the unwanted touching caused him emotional distress" was "insufficient to implicate the Eighth Amendment." *Id.*

Further, in *Barney*, the Tenth Circuit found that the plaintiffs' allegations that the defendant "subjected them to severe verbal sexual harassment and intimidation" were not alone "sufficient to state a claim under the Eighth Amendment." 143 F.3d at 1310 n. 11. Rather, the Court explained, the plaintiffs' "claims of verbal harassment [were] only actionable in combination with" alleged sexual assaults by prison officials. *Id.* Finally, in *Cumbey v. Meachum*, the Tenth Circuit found that the district court had correctly dismissed as frivolous the plaintiff's claim that a female prison guard's comment regarding nudity of male inmates constituted an Eighth Amendment violation. 684 F.2d 712, 714 (1982). The Court explained that "[a] single comment clearly falls short of the Eighth Amendment's proscriptions." *Id.*

Under this precedent, the Court is constrained to hold that Defendant Escobedo's alleged conduct, though reprehensible, does not rise to the level of an Eighth Amendment violation. The incident described by Plaintiff did not involve any physical contact, violence, or the threat of violence. Thus, as the plaintiff in *Adkins*, Plaintiff effectively asks the Court to find "the implicit

6

threat" within Defendant Escobedo's sexual harassment "sufficient to amount to a type of physical assault." 59 F.3d at 1036. Under *Adkins*, this Court is foreclosed from "infus[ing] Defendant Escobedo's "harassment with the sort of violence or threats of violence cognizable" under the Eighth Amendment. *Id.*

Without more, Plaintiff's allegations that Defendant Escobedo looked at him in a sexually suggestive manner while blocking his exit from the shower and preventing him from covering his body are "not objectively, sufficiently serious to demonstrate a use of force of a constitutional magnitude." *Joseph*, 2000 WL 1532783, at *2. Plaintiff thus has not met the objective prong of the applicable test. *Id.* Further, Plaintiff's allegations regarding "the single invasion" of his space in the shower fall short of demonstrating that Defendant Escobedo acted with deliberate indifference to a substantial risk of harm to Plaintiff. *Adkins*, 59 F.3d at 1038. Accordingly, Plaintiff has not met the subjective prong of the applicable test. *Joseph*, 2000 WL 1532783, at *2. Finally, to the extent that Plaintiff claims that the unwanted conduct by Defendant Escobedo caused him to suffer psychological injury or emotional distress, *see* Doc. 1 at 6, such claims are "insufficient to implicate the Eighth Amendment." *Joseph*, 2000 WL 1532783, at *2.

Plaintiff alleges not only that Defendant Escobedo sexually harassed him, but also that Defendant McClain was advised of the harassment and did nothing about it, and that Defendant Corn and Defendant Garcia advised Plaintiff that Defendant Escobedo was "allowed" to do what he did. Because Defendant Escobedo's alleged conduct does not rise to the level of an Eighth Amendment violation, it follows that the conduct of these additional Defendants equally does not rise to the level of an Eighth Amendment violation. Further, as with his claims against Defendant Escobedo, Plaintiff's claims against Defendants McClain, Corn, and Garcia fail to demonstrate deliberate indifference on the part of these individuals to a substantial risk of harm to Plaintiff.

Plaintiff also names the CCDC as a Defendant in this case. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[A] detention facility is not a person or legally created entity capable of being sued" under Section 1983. *Aston v. Cunningham*, 216 F.3d 1086, 2000 WL 796086, at *4 n. 3 (10th Cir. Jun. 21, 2000). *See also Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (the county criminal justice system is not a suable entity under Section 1983). The Complaint thus fails to state a claim for relief against CCDC.

Based on the foregoing, the Court concludes that Plaintiff's Complaint fails to state a cognizable constitutional claim against any of the named Defendants. The Tenth Circuit counsels that "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The Court will allow Plaintiff to file an amended complaint within ninety (90) days of receipt of service of this Order as to any of the named *individual* Defendants. As the CDCC is not a proper Defendant, Plaintiff will not be entitled to pursue any claims against the CDCC in his amended complaint.

In his amended complaint, Plaintiff should bear in mind that, as stated above, he must allege that each named defendant, through his own individual actions, has personally violated the Constitution. Plaintiff must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Thus, Plaintiff must set forth facts showing that each named defendant knew of a substantial risk of serious harm

to Plaintiff and disregarded that risk by failing to take reasonable measures to abate it. *Adkins*, 59 F.3d at 1037.

Further, to the extent that any of the named defendants are supervisors, such individuals cannot be held liable solely because they employ or oversee another individual whose conduct violates the Constitution. Rather, they can only be held liable if they were personally involved in the conduct, or if they promulgated an official policy that led to the constitutional violation. *See Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (holding that counties "are subject to liability [under § 1983] only for their official policies or customs"); *Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (holding that wardens and other supervisors can face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights").

Additionally, in his amended complaint, Plaintiff cannot make unsupported and conclusory claims, as he does in his Complaint, that defendants "will try to kill me! or they will further sexually assault me." Doc. 1 at 6. Instead, Plaintiff must allege facts detailing an event or series of events where conduct by the Defendants created a substantial risk of serious harm to him. For example, Plaintiff's statement that he "was physically assaulted by officer Uries while [his] hands were cuffed behind my back" is insufficient. Doc. 1 at 8. Officer Uries is not named as a defendant in the case. Nor does Plaintiff provide information regarding when the alleged assault occurred, what Officer Uries did that Plaintiff describes as an assault, how that assault created a substantial risk of serious harm to Plaintiff in violation of his constitutional rights, or how the named Defendants were involved in that alleged assault.

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case without further notice.

**IT IS ORDERED that:**

(1) the Complaint for Violation of Civil Rights filed by Plaintiff is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted;

(2) Chavez County Detention Center is **DISMISSED** as a party to this proceeding; and

(3) Plaintiff is granted leave to file an amended complaint within ninety (90) days after receipt of service of this Memorandum Opinion and Order.

_____
HONORABLE MARTHA VÁZQUEZ
United States District Judge