IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROMAN REYES,

      Plaintiff

vs.                                                                                                  No. CV 17-00815 MV/KK

CLAY CORN, DAVID GARCIA,
JESUS ESCOBEDO, CLINT MCCLAIN,
CHAVEZ COUNTY DETENTION CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court following Plaintiff Roman Reyes's failure to file an amended civil rights complaint. Plaintiff is incarcerated and proceeding *pro se*. His original complaint alleged that he was sexually harassed by Defendant Jesus Escobedo in violation of the Eighth Amendment. Doc. 1.

By a ruling entered January 30, 2020, the Court screened the original complaint and determined that it lacked sufficient information to survive initial review. Doc. 10. Specifically, the Court found that, under controlling Tenth Circuit precedent, it was constrained to hold that Defendant Escobedo's alleged conduct, which did not involve any physical contact, violence, or the threat of violence, was undoubtedly reprehensible but did not rise to the level of an Eighth Amendment violation. *Id.* at 6. Further, the Court found that because Defendant Escobedo's alleged conduct did not rise to the level of an Eighth Amendment violation, it followed that the conduct of the additional individual Defendants (Clint McClain, Clay Corn, and David Garcia), who allegedly knew about but did nothing about Escobedo's alleged harassment, did not rise to the level of an Eighth Amendment violation. *Id.* at 7. Finally, the Court held that Plaintiff could

not proceed against the Chaves County Detention Center as a matter of law, as a detention center is not a person or legally created entity capable of being sued under § 1983. *Id.* at 8. The Court therefore dismissed the original complaint without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given ninety days (*i.e.,* until April 29, 2020) to file an amended complaint as to the individual Defendants. The ruling provided instructions on the pleading standard under 42 U.S.C. § 1983 and how to identify Defendants. Doc. 10 at 8-9. Plaintiff was warned that the failure to timely file an amended complaint might result in dismissal of this action without further notice. *Id.* at 9.

Plaintiff did not amend his complaint or otherwise respond to the screening ruling. This action will therefore be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring courts to dismiss any prisoner actions that "fail to state a claim upon which relief may be granted" or "seek[] monetary relief from a defendant who is immune").

**IT IS ORDERED** that the Complaint for Violation of Civil Rights filed by Plaintiff Roman Reyes (Doc. 1) is **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B) and the Court will enter a separate judgment closing this case.

_____
UNITED STATES DISTRICT JUDGE